IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLIE W. SMITH, JR., : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | |
| GEORGIA BOARD OF PARDONS & : | NO. 5:13-CV-239 (CAR) |
| PAROLES and GEORGIA GENERAL : | |
| ASSEMBLY, : | |
| : | |
| Defendants : | |
| _____: | **O R D E R** |

Plaintiff **CHARLIE W. SMITH, JR.**, an inmate at Central State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). The Court subsequently dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim and ordered that Plaintiff pay the Court's $350 filing fee, in installments, as provided in 28 U.S.C. § 1915(b) (Doc. 5). Plaintiff has now filed an amended complaint (Doc. 7) and two motions to reconsider – one relating to the dismissal of his lawsuit (Doc. 8) and the other relating to assessment of the filing fee (Doc. 9).

In his motion asking this Court to reconsider its dismissal of his lawsuit (Doc. 8), Plaintiff states that he "somehow" failed to attach a "statement of claim" to his complaint and asks this Court to now accept said statement. The "statement of claim" to which Plaintiff refers is apparently his amended complaint. In it, Plaintiff essentially repeats allegations made in his original complaint that he was improperly denied parole. Plaintiff summarizes his position by

1

stating that he has a "constitutional due process right to be fairly and lawfully considered for parole. Absolute and uncontrolled discretion invites abuse. The Board abuses it discretion maliciously."

Although Federal Rule of Civil Procedure 15 allows parties to amend pleadings, Rule 15 has no application "once the district court has dismissed the complaint and entered final judgment for the defendant." *Lee v. Alachua County, FL*, 461 F. App'x 859, 860 (11th Cir. 2012) (*quoting Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)). A plaintiff may seek leave to amend post-judgment only if he is first granted relief under Federal Civil Procedure Rule 59(e) or Rule 60(b)(6). *Lee*, 461 F. App'x at 860; *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (post-judgment requests for leave to amend a pleading, "whatever their merit, cannot be allowed unless and until the judgment is vacated …."). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of ligitation." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213 (1st Cir. 2011).

"The only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Plaintiff has failed to suggest any error in fact or law that would justify the Court vacating its July 17th Order. Nothing in any of Plaintiff's post-judgment pleadings indicates that dismissal of his lawsuit was erroneous or otherwise unjust.

In his second motion to reconsider (Doc. 9), Plaintiff objects to the imposition of the $350 filing fee. Plaintiff incurred a legal obligation to pay the entire filing fee when he filed his complaint. *See* 28 U.S.C § 1915(b)(1) (stating that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee."). The dismissal of this action does not absolve Plaintiff of paying the fee. *See Purkey v. Green*, 28 F. App'x 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits.... Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court.").

Based on the foregoing, Plaintiff's motions to reconsider are hereby **DENIED.**

**SO ORDERED**, this 19th day of August, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr

3